UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

| | |
|---|---|
| JOSE A. RIVERRA, ET AL., | * |
| Plaintiffs | * |
| v. | Civ. No. 98-2058 (PG) |
| WILLIAM J. HENDERSON, ET AL., | * |
| Defendants | * |



## OPINION & ORDER

As part of its responsibility for managing its docket, this Court has revisited the file of this case and notes the following chronology of events:

1. *September 15, 1998*: Plaintiffs filed the complaint. (Dkt. 1)
2. *January 1, 1999*: Defendant William J. Henderson answered the complaint. (Dkt. 5)
3. *January 14, 1999*: Defendants submitted a motion for summary judgment. (Dkt. 8)
4. *January 19, 2000*: At a status conference, Plaintiffs request that the claims against Neida Oliveras and Jesus Santiago be voluntarily dismissed. Plaintiffs also requested that the cause of action under the Federal Tort Claims Act (FTCA) presented by Plaintiff Minerva Rodríguez against the United States Postal Service be dismissed as well. (Dkt. 9)
5. *March 14, 2000*: Motion by José A. Rivera, Jr., Minerva Rodríguez, and the marital partnership for Attorney Marcos Valls to withdraw as attorney. (Dkt. 10)
6. *March 23, 2000*: the Court issued an opinion granting Attorney Valls withdrawl and granting Plaintiffs thirty (30) days to notify the Court of the name of their new attorney (deadline of April 23, 2000). (Dkt. 11)
7. *April 6, 2000*: The Court issued an order dismissing the claims against Oliveras and Santiago as requested and also dismissed the FTCA cause of action. (Dkt. 12) A judgment was issued at the same time. (Dkt. 13)

### DISCUSSION

No action has been taken in this case since April 6, 2000. Piece by piece, Plaintiffs case has been disappearing. Now, after over three (3) months of inactivity, the Court puts this case to rest. Though almost three (3) months beyond the Court's deadline, Plaintiff still has not notified this Court

Civ. No. 98-2058 (PG) 2.

of its new counsel, nor have they done anything to move their case forward. Plaintiffs have thus failed to prosecute their own case and failed to obey an order of this Court.

It is the plaintiff's responsibility to develop and prosecute its own case. This Court has the responsibility "to achieve the orderly and expeditious disposition of cases," *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). Therefore, pursuant to this "court['s] . . . unquestionable authority to dismiss a case with prejudice for want of prosecution in order to prevent undue delay in the disposition of pending cases, docket congestion and the possibility of harassment of defendant," *Jardines Ltd. Partnership v. Executive Homesearch Realty Serv. Inc.*, 178 F.R.D. 365 (D.P.R. 1998); *see also Zavala-Santiago v. González-Rivera*, 553 F.2d 710 (1st Cir. 1977), the Court **DISMISSES** the case **WITH PREJUDICE**. This Court's docket is congested enough and there is no place for plaintiffs who sit back and waste the Court's valuable time.

**WHEREFORE**, the above captioned case is hereby **DISMISSED with prejudice** due to Plaintiffs' lack of prosecution and failure to comply with the Court's Order dated March 23, 2000 (Dkt. 11).

**IT IS SO ORDERED.**

San Juan, Puerto Rico, July 14, 2000.

s/c: L. Mendoza

JUL 18 2000

JUAN M. PEREZ-GIMENEZ
U.S. District Judge

AO 72A
(Rev.8/82)